UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE A. NORMAN, | No. 2:17-cv-0998 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| NOFSINGER, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee, presently housed at the Sacramento County Jail. He is proceeding in forma pauperis, and without counsel. On June 28, 2017, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended complaint as required by the May 17, 2017 order. On July 5, 2017, plaintiff wrote the undersigned. Plaintiff states his concerns: a conviction, sentence, jail/prison conditions; jail/prison disciplinary issues; medical care; access to the courts; plaintiff's property; exercise of religion/freedom of speech; excessive force by officers; threats to safety; retaliation; mail tampering; prison conditions such as the failure to provide basic needs, including showers and food; false documents. (ECF No. 13 at 2.) Plaintiff states that in connection with the pending deadline herein, he seeks relief first: "the proper and correct counsel," citing <u>Faretta</u>,[1] and "a

---

[1] Plaintiff appears to refer to <u>Faretta v. California</u>, 422 U.S. 806, 807 (1975).

United States District Judge."  (Id.)

Initially, the undersigned notes that plaintiff has filed four separate documents declining to proceed before a United States Magistrate Judge.  (ECF Nos. 8, 10, 11, 14.)  On May 30, 2017, following plaintiff's first declination form, the court assigned United States District Judge John A. Mendez to this case.  As plaintiff himself handwrote on his first form, "a Magistrate Judge may not preside over the trial in this case or make dispositive rulings without all parties' written consent. 28 U.S.C. § 636(c)."  (ECF No. 8 at 1.)  However, a Magistrate Judge may perform the duties assigned pursuant to 28 U.S.C. § 636(c) and Eastern District Local Rule 302.  (ECF No. 8 at 1.)  Thus, the undersigned will continue to address nondispositive motions in this case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, and will issue findings and recommendations on dispositive motions.  Should the case go to trial, Judge Mendez will preside over any trial.  Therefore, to the extent plaintiff believes he can obtain an order assigning his case solely to Judge Mendez by continuing to file forms declining consent to the jurisdiction of a Magistrate Judge, plaintiff is mistaken.  Accordingly, plaintiff should refrain from filing such duplicative forms.[2]

Second, despite the guidance and standards provided in the May 17, 2017 screening order, plaintiff appears to again contemplate filing a pleading that raises wholly unrelated factual allegations against multiple unrelated defendants.  Plaintiff is cautioned that it is improper to file a "shotgun" pleading, which alleges "that multiple parties did an act, without identifying which party did what specifically," and advances "multiple claims, [but] does not identify which specific facts are allocated to which claim."  Hughey v. Camocho, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (citing Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)); see George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  As plaintiff was informed in the screening order, this court is barred from directly interfering with ongoing criminal proceedings in state court, absent extraordinary circumstances not alleged in the

---

[2] Moreover, plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action.  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).

2

complaint. (ECF No. 6 at 4, citing Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings.")).

Third, plaintiff appears to seek the appointment of counsel. Plaintiff's reference to Faretta, as well as his status as a pretrial detainee, suggests that plaintiff is seeking counsel (or new counsel) in his underlying criminal proceedings. However, this court does not have jurisdiction to appoint counsel to represent plaintiff in state criminal proceedings. He must pursue such requests in his state criminal proceedings.

To the extent plaintiff seeks appointment of counsel in the instant action, such request is premature. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Here, the court is unable to evaluate plaintiff's likelihood of success on the merits of the instant case because his complaint has been dismissed and he has not yet filed a pleading that states a cognizable civil rights claim. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Finally, because it appears that plaintiff's document was written before the findings and recommendations issued, the undersigned will construe his recent filing as a request for extension of time to amend, vacate the findings and recommendations, and grant plaintiff an extension of time in which to file his amended complaint. Plaintiff is cautioned, however, that he must timely file his amended complaint, and the amended complaint must comply with the May 17, 2017 order. Failure to do so will result in a recommendation that this action be dismissed.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's July 5, 2017 filing is construed as a request for extension of time to amend (ECF No. 13);

2. Plaintiff's request (ECF No. 13) is granted;

3. Plaintiff is granted thirty days from the date of this order in which to comply with the May 17, 2017 order; and

4. Plaintiff's request for appointment of counsel (ECF No. 13) is denied without prejudice.

Dated: July 13, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/norm0998.36