UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE A. NORMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NOFSINGER, et al.,<br><br>    Defendants. | No. 2:17-cv-0998 KJN P<br><br><br>ORDER |

Plaintiff is a pretrial detainee housed in the Sacramento County Jail, and is proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On July 24, 2017, plaintiff filed an amended complaint. But on August 17, 2017, plaintiff filed a motion for extension of time to amend. As discussed below, the undersigned dismisses plaintiff's amended complaint, and partially grants plaintiff's request for extension of time.

I. Amended Complaint

    A. Standards

As plaintiff was advised in the May 17, 2017 order, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

////

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

B. Screening

Plaintiff's amended complaint includes more unrelated allegations and names even more defendants than his original complaint. Plaintiff raises broad challenges concerning the housing conditions at the Sacramento County Jail, alleged disciplinary actions, excessive force, sexual slurs, medical care or lack thereof, retaliation, et cetera. Moreover, plaintiff again includes claims related to the underlying criminal charges, claiming certain agencies are "pushing the charges," and names both public defenders and district attorneys as defendants, and others, claiming false charges have been lodged against him.

First, plaintiff is again reminded that this court is barred from directly interfering with ongoing criminal proceedings in state court, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state

criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, plaintiff has not alleged extraordinary circumstances. Younger, 401 U.S. at 48-50. Plaintiff may raise his constitutional claims in his ongoing criminal proceedings in state court. Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

Second, plaintiff's remaining allegations are unrelated, vague and conclusory, and many of his claims are devoid of factual support but also violate the instructions provided in the court's last order.[1] The court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

In the event plaintiff chooses to amend, he must file his second amended complaint on the form complaint provided. In a second amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims only if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.

---

[1] Plaintiff was previously provided the legal standards governing many of his claims, and therefore the court directs plaintiff's attention to the May 17, 2017 order, and does not repeat such standards here. (ECF No. 6 at 7-9.)

4

Fed. R. Civ. P. 10(b). However, such claims must be related in order to be included in any second amended complaint.

Unrelated claims against different defendants <u>must</u> be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

<u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); <u>see also</u> Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). Also, the second amended complaint must allege in specific terms how each named defendant is involved. <u>Id.</u> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey</u>, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files his second amended complaint, the original and amended pleading no longer serve any function in the case. Therefore, in the second amended complaint, as in an original complaint, each claim and the involvement of each

5

defendant must be sufficiently alleged.

Plaintiff may join multiple claims if, and only if, they are all against a single defendant. Fed. R. Civ. P. 18(a).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

Plaintiff may not bring a § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. Such requirement is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

II. Request for Extension

In his request for extension of time, plaintiff claims he has difficulty meeting deadlines because he is presently incarcerated in a one man cell and locked down 23 hours a day, seven days a week. Plaintiff claims he only filed this action due to his concern about the six month deadline to file claims concerning excessive force, and alleges that "civil suits are not supposed to have constant deadlines." (ECF No. 18 at 1.) Plaintiff asks for an extension of time to amend until after he is "completely done with criminal matters at hand." (Id.)

Plaintiff is mistaken that civil actions do not have deadlines. Plaintiff is advised that he filed the instant action and is required to diligently prosecute the action. Indeed, Rule 4(m) provides:

> **(m) Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Once a cognizable civil rights claim is pled, and defendants have been served with process, the court issues a scheduling order with deadlines the litigants are required to meet. Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Moreover, there is no six month deadline for filing civil rights claims in federal court. Rather, the statute of limitations period is governed as follows. Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because

7

section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. However, the new statute of limitations period does not apply retroactively. Maldonado, 370 F.3d at 955. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[2]

Federal courts generally apply the forum state's law regarding equitable tolling. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. See Hull v. Central Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1335, 34 Cal. Rptr. 2d 175 (1994). In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal. 4th 88, 100, 84 Cal. Rptr. 3d 734 (Cal. 2008) (citation and internal quotation marks omitted).

Plaintiff may be referring to California's deadline for filing state law claims. Under the California Government Claims Act ("CGCA"),[3] a plaintiff may not bring an action for damages against a public employee or entity unless he first presents a written claim to the local governmental entity within six months of the accrual of the incident. See Mabe v. San Bernadino

---

[2] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, 393 F.3d at 927 n.5 (citations omitted).

[3] The short title "Government Claims Act" has been used interchangeably in California cases with the title "Tort Claims Act" to refer to the statutory scheme for presenting claims for money damages against governmental entities. However, because the California Supreme Court has expressed a preference for the title "Government Claims Act," the undersigned adopts such usage. See City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (2007).

County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001) (CGCA requires the "timely presentation of a written claim and the rejection of the claim in whole or in part" as a condition precedent to filing suit); see also Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . ."). Furthermore, a plaintiff must affirmatively allege compliance with the CGCA's claims presentation requirement, or explain why compliance should be excused. Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.") (internal quotation marks omitted). "The failure to exhaust an administrative remedy [under the CGCA] is a jurisdictional, not a procedural, defect." Miller v. United Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985); see also Cornejo v. Lightbourne, 220 Cal. App. 4th 932, 938 (2013) ("Ordinarily, filing a claim with a public entity pursuant to the Claims Act is a jurisdictional element of any cause of action for damages against the public entity. . .").

In any event, this court will not grant plaintiff an indefinite extension of time until after his criminal proceedings are completed. Therefore, plaintiff is granted sixty days in which to file a second amended complaint or request this action be voluntarily dismissed without prejudice. Plaintiff is cautioned that his failure to comply with this order will result in a recommendation that this action be dismissed without prejudice. Similarly, if plaintiff again files an amended pleading that sets forth myriad unrelated allegations against multiple unrelated defendants, the undersigned will recommend that this action be dismissed based on plaintiff's failure to comply with court orders. Fed. R. Civ. P. 41(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Election submit the following documents to the court:

    a. The completed Notice of Election; and

          b. If he elects to amend, an original and one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall comply with this court's orders, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

     Failure to file the notice of election form in accordance with this order will result in the dismissal of this action.

     3. The Clerk of the Court shall send plaintiff the form for filing a civil rights action by a prisoner.

Dated: August 23, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/norm0998.14b

```
1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  WILLIE A. NORMAN,                          No. 2:17-cv-0998 KJN P
12              Plaintiff,
13        v.                                   NOTICE OF ELECTION:  AMENDMENT OR
                                               VOLUNTARY DISMISSAL
14  NOFSINGER, et al.,
15              Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19              _____     Second Amended Complaint
20  OR
21              _____     Plaintiff voluntarily dismisses this action without
22  prejudice.
23
    DATED:
24
25
                                               _____
26                                             Plaintiff
27
28
```